## NATIONAL EXCHANGE BANK OF WHEELING, W VA v SAVIN

Ohio Appeals, 1st Dist, Hamilton Co

No 5296.   Decided Dec 20, 1937

Taft, Stettinius & Hollister, Cincinnati, for appellee.

Pogue, Hoffheimer & Pogue, Cincinnati, and R. H. French, Cincinnati, for appellant.

### OPINION

By HAMILTON, J.

Appeal on questions of law.

The National Exchange Bank of Wheeling, West Virginia, brought suit in the Court of Common Pleas of Hamilton County against Sam Savin on five causes of action, each based on promissory notes in definite amounts. A copy of each note in question was attached to and made a part of the petition. The notes were executed by the Triangle Engineering Corporation of Wheeling, West Virginia. They bore vari-

ous dates in June, 1935, and each matured 30 days after date. Each note was by its terms payable to the order of Sam Savin, the defendant, J. F. Bycott, W. W. Holloway, and A. L. Savin. Each note bore the endorsement of A. L. Savin, Sam Savin, W. W. Holloway, and J. F. Bycott.

The notes involved were, before maturity, by the endorsement, delivered to the plaintiff bank, which bank was the lawful owner and holder of said notes.

The notes, by express provision, were made payable at the National Exchange Bank of Wheeling, West Virginia, which bank was the owner and holder of the notes. There were several renewals of the notes in exact conformity with the original notes, except as to date.

The notes were not paid at maturity, and suit was therefore instituted against Sam Savin on his liability thereunder as endorser.

The defense admitted the execution of the notes and the endorsement of each note by the payee thereof, but denied that the plaintiff was the holder of the notes and denied presentment for payment to the maker, and denied protest of the notes and the failure of payment.

Upon the trial of the case, the plaintiff introduced evidence proving all the essential facts entitling it to recovery. The defense offered a deposition of the notary, who testified as to the protesting of the notes in an endeavor to show failure of presentment, and this was the only evidence offered by defendant.

At the close of the plaintiff's case, plaintiff requested leave to amend his petition to conform to the proof, which proof had a bearing on the presentment involved, to the effect that the notes, being payable at The National Exchange Bank of Wheeling, and that they were in the possession of that bank at its banking rooms on the date of maturity thereof. This undoubtedly presented a question of law that no presentment was necessary.

The court granted leave to file the amendment, which was objected to by the defendant, and this is made one of the points of error. The law provides that amendment may be allowed to conform the pleadings to the proof, and this amendment did no more. The defendant's claim that it prejudiced them, in that they had no opportunity to investigate as to whether or not the notes were actually in the possession of the bank at the date of maturity. This is but one of the steps in evidence on trial,

and could have been ascertained at any time during the pendency of the action, and particularly so at the time of the taking of the deposition, which the defendant introduced, which was taken one year preceding the trial.

We see no prejudice in filing the amendment, if plaintiff considered it necessary to present the law of the case on the proof as adduced. However, in our in view of the case, it would make no difference whether an amendment was permitted or not.

At the close of all the evidence, the defendant moved for an instructed verdict in its favor, reserving the right to go to the jury if its motion was overruled.

Thereupon, the plaintiff moved for judgment in its favor. The court, on consideration, overruled the defendant's motion and granted the motion of the plaintiff for an instructed verdict. The court thereupon directed the jury to return a verdict in favor of the plaintiff for the full amount, which was done.

The action of the trial court in granting the motion of the plaintiff is stressed as the real point of error by the appellant. It is argued that the court may not grant a motion for an instructed verdict on behalf of the plaintiff, since the jury must weigh the evidence, and consider the credibility of the witnesses and may disbelieve any or all of them. Undoubtedly, this is the rule with certain exceptions. The rule is well stated in **39 O. Jur., §203, page 837,** that:

"The authorities generally concede that the trial court may, in a proper case, direct a verdict for the plaintiff on his motion, as well as for the defendant on his, and it would seem that this may be done whenever reasonable minds cannot differ on the evidence adduced, where the facts establish as a matter of law a cause of action in favor of the plaintiff, or where the case made by the plaintiff is admitted. Ordinarily, however, the courts decline to direct verdicts in favor of plaintiffs, and it has been said that, generally speaking, a verdict cannot be directed in favor of the party chargeable with the burden of proof unless the issue is admitted by the opposing party in such wise as to dispense with proof, or unless the law attaches to such evidence as is produced the quality of being conclusive proof."

We have in the reports several cases wherein the courts have instructed a verdict for the plaintiff and have been sustained. See: **Whelan's Executor v Kinsley's Administrator, 26 Oh St 131; Worthington, Bellows & Co. v Whitman, 15 Oh Ap 161,** and other cases cited in the notes in 39 O. Jur., pages 837, 838.

With the right to so direct a verdict for plaintiff under proper circumstances, the next question is to apply the right under the circumstances of the instant case. We have in the record, a copy of the notes, together with the protest thereof, attached thereto, the certificate of the notary who protested the notes, and it is admitted that the notice of protest, together with such copy, was mailed to each of the endorsers of the notes. Whether or not the fact that the notes were in the bank, at which bank the notes were made negotiable and payable, and in which bank there were no funds of the maker, any presentment was necessary, we do not find it necessary to determine in this case. The weight of authority seems to be to the effect that such presentment is not necessary. However, in this case, we have the undisputed evidence on the question of presentment. In the deposition of the notary, taken by the defendant, he stated that he gave the notice to the maker and the endorsers over the telephone, which would not be proper presentment, and it seems that the defendant took the view that this was the only presentment shown and was insufficient in law. If these were the facts, they were correct as to the conclusion of law that such presentment is not sufficient. However, we have in the record and it is offered in evidence, the certificate of the notary, which recites, among other things:

"I, Clarence J. Yeager, a Notary Public of, in and for the County aforesaid, duly commissioned and qualified, at the request of The National Exchange Bank of Wheeling, W. Va. holder of the original note (a true copy whereof is above written) did present the said original note to The National Exchange Bank of Wheeling, Wheeling, W. Va., at the banking room thereof, and demanded payment thereof, the time limited for payment having expired,to which demand I was answered that Triangle Engineering Corp. the maker had no funds there wherewith to pay said note, and it would not be paid by the said Bank, and the said note was not paid."

This certificate proceeds to recite that he duly protested the notes and gave notice to all parties, naming them. This certificate shows due presentment of the note to the bank for payment and payment refused, and presentment to the bank, where the notes were payable.

Sec 128, GC, provides:

"The instrument of protest of a notary public appointed and qualified under the laws of this state or of any other state or territory of the United States, accompanying a bill of exchange or promissory note, which has been protested by such notary for non-acceptance or for non-payment, shall be held and received in all the courts of this state as prima facie evidence of the facts therein certified. Such instrument may be contradicted by other evidence."

Thus, under the statutes of Ohio, this instrument of protest became prima facie evidence of due presentment. While the instrument may be contradicted by other evidence, it was not so contradicted by the defendant in this case. In fact the evidence of the notary, whose deposition is the only evidence offered by the defendant, is not in conflict with the recitals in the certificate. The plaintiff further introduced the cashier of the bank, who testified that the notary presented the notes to him as cashier of the bank and demanded payment, which was refused for want of funds; at the time the maker of the notes had but one dollar and a few cents to its credit in the bank.

If there was any credible evidence to refute these facts, the trial court would of necessity have had to submit these facts to the jury under a proper charge. Further, if it became necessary for the jury to pass upon the credibility of the cashier, his evidence was not necessary to sustain the prima facie proof of presentment, as shown by the certificate of the notary, which made a prima facie case under §128, GC.

There being no evidence to overthrow the proof of presentment made by the plaintiff, the court was within its province and power in sustaining the plaintiff's motion for judgment and directing a verdict in favor of the plaintiff, as it did.

Our conclusion is that no prejudicial error resulted to the appellant, and the judgment of the trial court is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.